IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV28-1-MU

| | |
|---|---|
| RAYMOND THOMAS CHARBONNEAU, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed March 4, 2005, and Petitioner's Motion to Amend, filed March 10, 2005

For the reasons set forth below, this Court grants Petitioner's Motion to Amend, grants Respondent's Motion for Summary Judgment, and dismisses Petitioner's Petition for a Writ of Habeas Corpus.

## PROCEDURAL HISTORY

On April 8, 2004, in the Superior Court of Buncombe County, Petitioner pled guilty to multiple drug trafficking and conspiracy related charges in cases 03 CRS 60969, 060970-78. Pursuant to the exact terms of the plea agreement, Judge Dameron consolidated all the charges into one drug trafficking offense and sentenced Petitioner to a term of imprisonment of a minimum of 70, and a maximum of 84, months. Petitioner also received one day of jail credit. Petitioner did not file a direct appeal. However, on July 12, 2004, Petitioner filed a Motion for Appropriate Relief (MAR). On July 16, 2004, Petitioner's MAR was denied. On August 31,

2004, the North Carolina Supreme Court denied Petitioner's Petition for Writ of Certiorari.

On June 17, 2002, Petitioner filed the instant federal habeas petition alleging that he had received ineffective assistance of counsel and that he was never awarded full jail credit for pre-trial confinement.

## ANALYSIS

**I. Standard of Review for Habeas Petitions**

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on

the merits,[1] a federal court reviews the claim questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 527 U.S. 1060 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.23d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

**II. Ineffective Assistance of Counsel**

Petitioner alleges that he received ineffective assistance of counsel in a variety of ways. That is, Petitioner asserts that: 1) his counsel did not give him basic instructions as to what an Alford plea was and that he could have entered such a plea; 2) his counsel never objected to the accusation by the prosecutor that Petitioner had the amount of drugs in his possession that he was charged with; 3) his counsel did not object to anything from the prosecution to disprove any of the charges; and 4) his counsel coerced him into pleading guilty and did not fully explain his full rights to plead guilty, not guilty, or enter an Alford plea.

Petitioner raised an ineffective assistance of counsel claim in his MAR. In denying his MAR, the state court held, with respect to his ineffective assistance of counsel claim that his allegations were "conclusory statements at best" and denied the claim.

The established Supreme Court precedent governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In

making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988).

Petitioner's ineffective assistance of counsel claims are unsupported and conclusory. Petitioner has not alleged any specific facts that would establish that the representation that he received was deficient. Nor does Petitioner present any specific facts that would support the conclusion that he was prejudiced[2] by any alleged ineffectiveness. As such he has failed to establish that the MAR court's ruling was contrary to, or involved an unreasonable application of, clearly established Federal law or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

---

[2] Petitioner only asserts that his counsel failed to take various actions. Petitioner never asserts what would have been discovered by taking these actions and how such discoveries would have altered the outcome of his criminal proceedings.

**III. Jail Credit**

  Petitioner alleges that he was never awarded full jail credit for pre-trial confinement. More specifically, Petitioner alleges that he should have been awarded pre-trial jail credit for the ten months he served on an unrelated conspiracy to commit common law robbery charge.

  Petitioner's claim is in essence a claim of a misapplication of state law[3] which is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Thomas v. Taylor, 170 F.3d 466, 470 (4th Cir.), cert. denied, 527 U.S. 1016 (1999).

  Moreover, even if Petitioner's claim was cognizable, it would be denied pursuant to 28 U.S.C. § 2254(d). Petitioner raised the substance of this claim in his MAR which was denied. Judge Payne's findings of fact are presumed correct on federal habeas review. Petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner has not in any specific manner attempted to convince this Court that Judge Payne's findings were incorrect. Merely broadly reiterating that his jail credit was incorrectly calculated is insufficient. Nor has Petitioner successfully alleged that the state court's adjudication was in contravention of clearly established Supreme Court precedent.[4] Consequently, Petitioner has not met his burden.

---

[3] Every misapplication of state law is not a violation of due process. And again, this Court finds that the alleged state error in the instant case does not rise to the level of a due process violation.

[4] Petitioner cites to 18 U.S.C. § 3585(b) as support for his contention that his state sentence violated federal law. The federal statute cited by Petitioner governs the calculation of imprisonment terms for federal sentences. Such statute does not create any federal constitutional rights. As such, such statute has no bearing on the calculation of Petitioner's state sentence.

Finally, Petitioner's claim is without merit. Under North Carolina state law, a defendant is not entitled to receive pre-trial jail credit for time he was serving on another offense. See N.C.G.S. § 196.1. Thus because Petitioner was receiving jail credit toward his conspiracy to commit robbery conviction for all but fifteen days[5] of the time at issue, his claim is meritless.

### IV. Motion to Amend

Petitioner asks the Court to amend his federal habeas petition to have Theodis Beck named as the Respondent rather than the State of North Carolina and the Attorney General of North Carolina. For good cause shown, Petitioner's Motion to Amend is granted.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**;

2. Petitioner's Motion to Amend is **GRANTED** and Theodis Beck is substituted in place of the State of North Carolina and the Attorney General of North Carolina as the named Respondent in this matter; and

3. Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**.

---

[5] Although Petitioner was originally awarded one day of jail credit, the Superior Court judge subsequently changed Petitioner's jail credit to 15 days. (July 16, 2004, MAR Order)

.

**Signed: June 13, 2005**

Graham C. Mullen
Chief United States District Judge